13-2390
Gurung v. Holder

BIA
Vomacka, IJ
A087 467 399
A087 467 400

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand fourteen.

PRESENT:
>       ROBERT A. KATZMANN,
>            *Chief Judge,*
>       DENNY CHIN,
>       RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

BINI PRASAD GURUNG, TIKA PRASAD
GURUNG, AKA TIKA KUMARI,
>       *Petitioners,*

>       v.                                      13-2390
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONERS:        Khagendra Gharti Chhetry, Chhetry &
                        Associates, P.C., New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Carl McIntyre, Assistant
                        Director; Sharon M. Clay, Trial
                        Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Bini and Tika Prasad Gurung, married natives and citizens of Nepal, seek review of a May 22, 2013 order of the BIA, affirming the January 13, 2012 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bini Prasad Gurung, Tika Prasad Gurung*, Nos. A087 467 399/400 (B.I.A. May 22, 2013), *aff'g* Nos. A087 467 399/400 (Immig. Ct. New York City Jan. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

2

For applications such as Petitioners', which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Initially, the agency's credibility determination was properly based on the inconsistency regarding Bini's length of membership in the Nepali Congress Party.  8 U.S.C. § 1158(b)(1)(B)(iii).  Bini first testified that he was no longer a member of the Nepali Congress Party but later testified that he has remained an active party member. Although Petitioners argue that Bini merely testified that he resigned from his position as party ward chief and not from the party itself, this contention is belied by the record.

3

The agency's credibility determination was also properly based on the inconsistency between Bini's and Tika's testimony about whether Tika received phone calls from the Maoists after 2001. 8 U.S.C. § 1158(b)(1)(B)(iii). Bini testified that Tika received threatening phone calls while he was working in Iraq in 2006; however, Tika testified that she had not received any calls from the Maoists since moving to Pokhara in 2001.

In addition, the agency's adverse credibility determination was reasonably based on the inconsistency regarding the length of Bini's beating. 8 U.S.C. § 1158(b)(1)(B)(iii). Bini testified that he was beaten for a half-hour to an hour; however, Tika testified that Bini's beating lasted only minutes. While Petitioners contend that Bini was referring to the length of the entire incident and Tika was referring to the duration of the physical attack, "support for a contrary inference—even one more plausible or more natural—does not suggest error." *Siewe v. Gonzalez*, 480 F.3d 160, 168 (2d Cir. 2007).

Although Petitioners also contend that the agency improperly relied on the omission from Bini's application statement that he sought medical treatment for his injuries

4

from the Maoists' beating, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166.

Having reasonably called Bini's credibility into question, the agency did not err in finding that his failure to provide sufficient corroborative evidence further undermined his credibility. 8 U.S.C. § 1158(b)(1)(B)(ii). We have recognized that an applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). The agency reasonably accorded diminished weight to Bini's medical and party affiliation letters because they did not describe contemporaneous events and their authors were unavailable for cross-examination. *See Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012) (according diminished weight to letters because, *inter alia*, they did not describe contemporaneous

events and their authors were unavailable for cross-examination); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).  Petitioners do not challenge the IJ's finding that they failed to provide a corroborative letter from their daughter in Nepal despite having sufficient time to do so.

Based on the foregoing, we find that the agency's adverse credibility determination is supported by substantial evidence because it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  The agency therefore did not err in denying asylum, withholding of removal, and CAT relief because all three claims shared the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6